**Christian H. Dribusch (507021)**
The Patroon Building
Five Clinton Square
Albany, NY 12207
(518) 436-1662

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11<br>Case No.: 09-13312 |
|---|---|
| **FRIAR TUCK INN OF CATSKILLS, INC.,** | |
| | Jointly Administered |
| Debtor. | |
| **NOTTINGHAM VILLAGE DEVELOPMENT CORP.** | Chapter 11<br>Case No.: 09-13311 |
| Debtor. | |

# DEBTOR'S MOTION FOR AN ORDER INCREASING DEBTOR IN POSSESSION LENDING

**Friar Tuck Inn of Catskills, Inc. and Nottingham Development Corp.** (the "Debtor"), by and through its counsel, *Christian H. Dribusch*, respectfully shows to the Court as follows:

1. On September 2, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York.

2. Since the Petition date, the Debtor has continued in the management and operation of its business and assets as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed herein.

3. This Court has jurisdiction of this application pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. Venue of this proceeding and the instant application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Debtor makes this application pursuant to 11 U.S.C. §§ 105 and 507 (a)(3).

## BACKGROUND

7. As of the Petition date, the Debtor continues in its operations as a resort, spa and convention center business in Catskill, New York. The Debtor's business has 500 guest rooms, 52,000 square feet of exhibit spaces for trade shows and banquet and conference facilities for 10 to 2,000 attendees. The Court has previously approved a DIP loan up to $600,000.00 through January 10, 2010. By this motion, the Debtor seeks to confirm an increase and extension of the DIP loan through February 10, 2010.

8. The Debtor requires additional working capital to maintain its operations and business during the Chapter 11 process pending the sale of assets pursuant to either a private sale or an auction or through the turnover of the facility to the Debtor's secured lender or its assignee. In the absence of available working capital, the Debtor will be forced to cease its operations and be constrained to discontinue its service to customers. The inability of the Debtor to obtain sufficient operating liquidity and to meet its post-petition obligations on a timely basis may result in a permanent and irreplaceable loss of business causing a loss of value to the detriment of the Debtor and the creditors in the Debtor's estate.

9. The Debtor has determined, in the exercise of its sound business judgment, that it is important to it reorganization efforts to continue and expand upon its DIP facility with Ulster Savings Bank. The DIP lending agreement provides the Debtor with the ability to finance the

continued operation of its business during this Chapter 11 case. The proceeds of the increased DIP facility will be used for the Debtor's post-petition working capital needs.

10. The Debtor engaged in good faith extensive arm's length negotiations with its primary lender. The negotiations culminated in the agreement to continue the DIP lending through February 10, 2010. The proceeds of the DIP Loan will be used in accordance with the existing DIP Term Sheet and Final DIP Order.

11. The Debtor's working capital needs can only be satisfied if the Debtor is authorized to use credit under the increased DIP Loan to fund its ongoing operations. The credit under the increased DIP loan will enable the Debtor to continue operating, so that it can pay its employees and operate its business in the ordinary course as conducted immediately prior to the Petition Date in order to preserve the value of its assets and enterprise for the benefit of all parties in interest. The availability of credit under the DIP Loan will provide the Debtor the ability to continue to operate and maximize the value of its assets until a sale of certain assets may be achieved for the benefit of the estate.

12. The terms and conditions of the DIP Loan are fair and reasonable and were negotiated by the parties in good faith and at arms' length. Accordingly, Ulster County Savings Bank, the secured lender, should be accorded the benefits of Bankruptcy Code §364(e) with respect to such agreement.

13. Pursuant Federal Rule of Bankruptcy Procedure Rule 4001(c) the Debtor requests that the Court enter an Order authorizing the Debtor to obtain the DIP Loan and grant the secured lender adequate protection liens and administrative super priority claims.

14. The Debtor has an urgent need for cash to continue to operate. The Debtor will be immediately and irreparably harmed absent authorization from the Court to obtain secured

credit, as request, on an interim basis pending a final hearing on the Motion. The availability of such interim loans will provide necessary assurance to third parties of the Debtor's ability to meet its near-term obligations.

15. The Debtor is unable to obtain unsecured credit or debt allowable as an administrative expense under Bankruptcy Code §503(b)(1) or any other acceptable terms, in an amount sufficient and readily available to maintain ongoing operations. Absent interim post-petition financing, the Debtor's objective in proceeding under Chapter 11 while maintaining its value for the benefit of creditors and employees may fail without a fair opportunity to achieve the purposes of the Chapter 11. Under the circumstances, the granting of the relief requested is warranted.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein, and such other and further relief as may be just and proper.

Dated this 3rd day of February, 2010

By: /s Christian H. Dribusch
**Christian H. Dribusch**
The Patroon Building
Five Clinton Square
Albany, NY 12207
(518) 436-1662