# "Mensajeras Del Señor"

## Concilio Latino Americano

P.O BOX 691 • NEW YORK 10029

April 5, 2010

VIA FACSIMILE
Hon. Robert E. Littlefield, JR.
Chief U.S. Bankruptcy Judge
James T. Foley Courthouse
445 Broadway Street
Albany, NY 12201

RE: Chapter 11 Case #09-13312 Ulster Savings Bank
v. Friar Tuck Inn, ET AL

Dear Honorable Robert E. Littlefield, JR, Judge:

My name is Migdalia Seda and I am president of the Latin American Pentecostal Council of New York, Inc., Women's Association. On May 14, 2009, my association signed a contract (Copy attached) with Friar Tuck Inn and its owner Mr. Ross for a 3 day women's retreat at Friar Tuck Inn from April 16-18, 2010. We gave a FIVE HUNDRED ($500.00) Dollar deposit at the signing of the contract. (Copy of cancelled deposit check attached) On March 15, 2010, we sent Mr. Ross a TWELVE THOUSAND DOLLARS ($12,000.00) (Copy of second payment check attached) check as the second payment as stipulated in the contract and verbally required by Mr. Ross as necessary to insure the Inn's availability.

On March 30, 2010, I was informed by Mr. Ross that Friar Tuck Resort was in the midst of an acquisition. This was the first time I was made aware of the Inn's financial situation. I asked for a return of my monies, but was informed that it was not possible unless the bank agreed to return the money and I was given the name of another place where I could have our women's retreat. I asked a minister of our Religious Organization, Attorney Justino Rosado, if he could find out what was going on and to see if the Association's money could be refunded. Rev. Rosado spoke with Attorney Richard Weisz, representing Ulster Savings Bank, Attorney Christian Dibusch, representing the Petitioner, Mr. Ross Friar Tuck Inn, placed a call with the Trustee Kevin Purcell but was not able to speak with him because he was in Court.

It is my understanding and also the Petitioner's Attorney that as a creditor with an open and unfulfilled contract with Friar Tuck Inn, our association or me as its fiduciary was not served nor given any notice of the intended nor the ongoing Bankruptcy proceeding until March 30, 2010.

If we had notice of the Bankruptcy proceedings, we would not have sent Mr. Ross the additional $12,000.00 deposit and instead would have utilized that money to obtain another place for our retreat.

www.mensajeras.org

Hon. Robert E. Littlefield, JR.
April 5, 2010
Page 2

    My purpose in writing this letter is that, even though we are not yet a party to this bankruptcy proceedings, we object to any closure of this proceedings with Ulster Bank obtaining title to Friar Tuck Inn without a return of the TWELVE THOUSAND DOLLARS ($12,000.00) wrongful retained by Friar Tuck Inn when they knew that we had not been given any notice of the Bankruptcy filing. We gave them the additional funds in order to comply with a contract which Friar Tuck Inn knew they could not complete. The Court should at least order the Petitioner to return immediately the $12,000.00 wrongful retained or in the alternative require Ulster Bank, as the party who was suppose to provide Mr. Ross with operating expenses and who will be the title holder of Friar Tuck Inn to cut a check for at least the $12,000.00 used in the operations of Friar Tuck Inn. (In reality we would appreciate if the entire $12,500.00 was returned to us since we were not named as creditors, but would settle for the $12,000.00 and being placed on the list of creditors for the additional $500.00 we had previously paid.)

    Attorney Rosado informed me that your Honor allows telephone conference in special circumstances. I would consider this a special circumstance and would request that your Honor allow Attorney Rosado to call in for the status conference scheduled for April 7, 2010 at 12:30 PM for informational purposes only. If your Honor does not think Attorney Rosado should listen in on the conference, I would appreciate if your Honor allow me to call in for the conference again only for informational purpose. Attorney Weisz and Attorney Dibusch do not object to this telephone conference. Since Attorney Rosado was not able to speak with the Trustee, he was not able to obtain his consent.

    If your Honor wishes to have his office initiate the telephonic conference, Attorney Rosado can be reached at (203) 667-0125 and in the alternative I can be called at (917) 841-3882. Please be advised that Attorney Rosado is license to practice in Connecticut and not in New York. Therefore he would not be filing an appearance on our behalf and his presence in the telephonic conference is only informational. Thank you for your indulgence and time in reading my request and petition.

    I respectfully await your decision.

                              Sincerely,

                              Migdalia Seda
                              Migdalia Seda

cc    Attorney Richard Weisz, rweisz@hodsonruss.com
       Attorney Christian Dibusch, chd@chdlaw.com
       Kevin Purcell, Trustee, Fax (518) 434-4459



Online Banking

Business Economy Chk - 3200 : Check Image

Check Image:





#1587          Paid :05/27/2009          $500.00